**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert L. Pickering,<br><br>        Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>        Defendant. | No. CV 11-00919-PHX-FJM<br><br>**ORDER** |

We have before us plaintiff's opening brief (doc. 14), defendant's response (doc. 15), and plaintiff's reply (doc. 18). Plaintiff filed an application for disability insurance benefits on April 3, 2007, alleging onset of disability of March 5, 2007. His application was denied initially and upon reconsideration. He then filed a request for a hearing before an Administrative Law Judge ("ALJ") and a hearing was held November 12, 2009. The ALJ concluded plaintiff was not disabled and denied his application for benefits. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. Plaintiff now seeks judicial review.

**I**

We "disturb the denial of benefits only if the decision 'contains legal error or is not supported by substantial evidence.'" Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks and

citations omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). We must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

## II

Plaintiff was born in 1954. He has been diagnosed with familial adenomatous polyposis ("FAP") and Gardner's syndrome. In 1971, he underwent surgery to remove his colon and create an ileostomy, an opening in the belly wall used to deliver waste out of the body. He had additional surgeries to create ileostomies in 1976 and 2002 and uses an ileostomy bag. In 1996, half of plaintiff's stomach and the first section of his small intestine were removed.

Plaintiff has a high school education, no college or vocational training, and worked as an electrician until March 2007, when he complained that he was in too much pain to continue working. At that time, Dr. Susan Briones opined that plaintiff was limited to sitting, standing, and walking for less than three hours each in an 8-hour workday because of FAP and uncontrolled hypertension. She also opined that plaintiff's lifting and carrying was limited to less than 20 pounds and he could not climb at all. In addition, she found plaintiff had severe medication side effects and suffered from moderately severe pain, fatigue, dizziness, and cramping. In December 2008, Dr. Briones evaluated plaintiff again and opined that he had the same limitations she identified in March 2007 due to FAP and uncontrolled diabetes.

## III

The ALJ followed the required five-step procedure to evaluate whether plaintiff is disabled within the meaning of the Social Security Act. See 20 C.F.R. § 416.920(a)(4). At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity

since the date of his application. At step two, the ALJ found that plaintiff has the following severe impairments: familial adenomatous polyposis coli, status-post total proctocolectomy and ileostomy; Garner's syndrome, status-post partial gastrectomy and partial pancreatectomy, and status-post Whipple procedure with ileostomy; diabetes mellitus; and hypertension. Consequently, the ALJ proceeded to step three, where she concluded that plaintiff's impairments did not meet or equal one of the listed impairments in 20 CFR Part 4, Subpart P, Appendix 1.

To show that an impairment matches a listed impairment, a claimant "must meet *all* of the specified medical criteria." Sullivan v. Zebley, 493 U.S. 521, 530, 110 S. Ct. 885, 891 (1990). If a claimant has an impairment that meets or equals a listed impairment, he is "conclusively presumed to be disabled" regardless of his age, education, or work experience. Bowen v. Yuckert, 482 U.S. 137, 141, 107 S. Ct. 2287, 2291 (1987); Marcia v. Sullivan, 900 F.2d 172, 174 (9th Cir. 1990); 20 C.F.R. § 416.920(a)(4)(iii). Because the ALJ found plaintiff did not meet or equal a listed impairment, she assessed plaintiff's residual functional capacity and past relevant work at step four and found that plaintiff could perform light work, with some specific limitations. Finally, at step five, the ALJ considered plaintiff's residual functional capacity, age, education, and work experience and determined plaintiff is not disabled because he could perform a reduced range of light work and has skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. The ALJ determined that plaintiff could work as an electrical assembler and therefore plaintiff is not disabled.

In making the determination at step three, the ALJ found plaintiff's statements concerning the intensity, persistence and limiting effects of his alleged symptoms were not credible in light of objective medical evidence.

> Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing. If an ALJ finds that a claimant's testimony relating to the intensity of his pain and other limitations is unreliable, the ALJ must make a credibility determination citing the reasons why the testimony is unpersuasive. The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.

- 3 -

1  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (citations
2  omitted).  The ALJ concluded that plaintiff's credibility was undermined by objective
3  medical evidence, golf outings, a vacation to Mexico, and the fact that his impairments were
4  present at the same level of severity prior to the alleged onset date.  When weighing
5  credibility, the ALJ may consider inconsistencies in plaintiff's testimony or between his
6  testimony and his conduct, daily activities, and work record. Thomas v. Barnhart, 278 F.3d
7  947, 958-59 (9th Cir. 2002).  "If the ALJ's credibility finding is supported by substantial
8  evidence in the record, we may not engage in second-guessing." Id. at 959.

9       The ALJ found that plaintiff could not perform his past work as of the alleged onset
10 date.  This appears to preclude the contention that his impairments were equally severe
11 before and after that date.  Plaintiff's credibility is favorably impacted by the fact that he
12 worked as an electrician for thirty years before his alleged onset date. Cf. id. (claimant's
13 extremely poor work history negatively affected her credibility regarding her inability to
14 work). On the other hand, there are inconsistencies between plaintiff's testimony and notes
15 from his doctor's appointments.  On March 13, 2007 a physician noted that he had "done
16 quite well" and "basically has not had any problem" with his ileostomy. Tr. at 178.  On June
17 29, 2007, he reported to Dr. Briones that he was "doing alright." Tr. at 242.  On November
18 29, 2007, he again reported that was "doing alright." Tr. at 248.  On August 1, 2008, he
19 reported being more bothered by his chronic abdominal pain, and the doctor noted that his
20 Vicodin seemed not to be working anymore. Tr. at 313.  But on August 29, 2008, he was
21 doing well with his abdominal pain and looking forward to a trip to Mexico. Tr. at 312.  On
22 October 27, 2008, he was "doing well." Tr. at 309.  On March 10, 2009 he reported doing
23 alright with his pain. Tr. at 304.  On November 10, 2009, he reported that he was doing well
24 with his present dose of pain medication and had "no complaints." Tr. at 293.  These prior
25 inconsistent statements provide specific, clear and convincing reasons for rejecting plaintiff's
26 testimony about the severity of his symptoms. See Tommasetti v. Astrue, 533 F.3d 1035,
27 1039 (9th Cir. 2008) (ALJ may weigh claimant's credibility using many factors, including
28 prior inconsistent statements concerning the symptoms).

1    Plaintiff also faults the ALJ for assigning limited weight to the opinion of his treating
2 physician, Dr. Briones.  The ALJ may not reject the contradicted opinion of a treating
3 physician without providing specific and legitimate reasons supported by substantial
4 evidence in the record.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  In this
5 case, the ALJ noted that Dr. Briones' progress notes contained little more than "very general
6 statements that the claimant's complaints of abdominal pain are generally controlled with
7 medication, and at other times indicate that the claimant's condition is improving."  Tr. at 14.
8 The ALJ also found Dr. Briones' assessment to be "inconsistent with the bulk of the evidence
9 of record" and provided specific examples to support this finding.  Tr. at 14.

10   While there is some evidence in the record to support plaintiff's contention that he is
11 disabled, there is also ample evidence supporting the ALJ's conclusion that he is not.  "If the
12 evidence can reasonably support either affirming or reversing the Secretary's conclusion, the
13 court may not substitute its judgment for that of the Secretary."  Reddick v. Chater, 157 F.3d
14 715, 720-21 (9th Cir. 1998).  We will not second guess the ALJ's conclusion because it is
15 supported by substantial evidence in the record.

16                                             **IV**

17   The ALJ did not err in finding plaintiff's skills as an electrician are transferable to the
18 job of electrical assembler.  Transferability is most probable among jobs in which the same
19 or a lesser degree of skill is required, the same or similar tools and machines are used, and
20 the same or similar raw materials, products, processes, or services are involved.  20 C.F.R.
21 § 404.1568(d)(2).  These factors suggest that plaintiff does possess transferable skills.
22 Electrician is a skilled job, whereas electrical assembler is semiskilled.  Tr. at 45-46.  Both
23 jobs involve working with tools, and the vocational expert testified that similar tools are
24 used.  Tr. at 49-50.  And both jobs involve working with similar raw materials, namely wires.
25 The skills of an electrician are not so specialized that they are not readily usable in other
26 industries, jobs, or work settings.  The ALJ's finding that plaintiff could adjust to other work
27 was not in error.

28                                              **V**

Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not disabled, and therefore not eligible for benefits, is supported by substantial evidence in the record. Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's denial of benefits.

DATED this 22nd day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge